IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABRENT ROBINSON, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-5384 |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT CLARK; | : | |
| ATTORNEY GENERAL OF THE STATE | : | |
| OF PENNSYLVANIA; and DISTRICT | : | |
| ATTORNEY OF PHILDELPHIA, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 25th day of November, 2020, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Labrent Robinson (Doc. No. 2), the response to the habeas petition filed by the respondents (Doc. No. 7), United States Magistrate Judge Carol Sandra Moore Wells' report and recommendation (Doc. No. 16), and the petitioner's motion for an evidentiary hearing (Doc. No. 22); and no party having filed objections to the report and recommendation; accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2. The Honorable Carol Sandra Moore Wells' report and recommendation (Doc. No. 16) is **APPROVED** and **ADOPTED**;[1]

3. The petition for a writ of habeas corpus (Doc. No. 2) is **DENIED**;

4. The motion for an evidentiary hearing (Doc. No. 22) is **DENIED**;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The petitioner filed a notice of appeal to the Third Circuit Court of Appeals purportedly from an "order denying [his] application for a writ of habeas corpus entered in this proceeding on 10-11[-]20." Notice of Appeal at 1, Doc. No. 23. On November 6, 2020, the Third Circuit submitted the case to a panel to possibly dismiss the appeal because the petitioner has appealed from an unreviewable order. *See* Nov. 6, 2020 Ltr., *Robinson v. Superintendent Albion SCI, et al.*, No. 20-3190 (3d Cir.).

This court recognizes that "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985). "This judge-made rule has the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." *Id.* at 121. "One exception, in both civil and criminal cases is that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable. An appeal from a non-appealable judgment or order is sometimes characterized as a 'nullity.'" *Plant Econ., Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 277 n.7 (3d Cir. 1962) (internal citations omitted). In addition, "a premature notice of appeal does not divest the district court of jurisdiction." *Mondrow v. Fountain House*, 867 F.2d 798, 800 (3d Cir. 1994).

Here, the petitioner has purported to appeal from an October 11, 2020 order denying his habeas petition, an order that does not exist. The court did not enter any order on that date and the court had not resolved his habeas petition at that time. The only order the undersigned entered resolving any matter by October 11, 2020, was the order denying the petitioner's request for the appointment of counsel. *See* Sept. 25, 2020 Order, Doc. No. 20.

To the extent that the petitioner is appealing from that order, nothing about that appeal would preclude the undersigned (by depriving this court of jurisdiction) from addressing the report and recommendation at this time. *See Catanzaro v. Collins*, 447 F. App'x 397, 399 (3d Cir. 2011) (per curiam) (rejecting *pro se* plaintiff's claim that district court lacked jurisdiction to rule on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) insofar as plaintiff's appeal from district court's order denying motion for appointment of counsel was pending at time district court granted motion to dismiss). Further, to the extent that the petitioner has appealed from an order that does not exist yet, any such appeal is undeniably premature and also would not deprive this court of jurisdiction to address the report and recommendation. As such, the court addresses the report and recommendation now.

Although the court provided the petitioner with a substantial amount of time to file objections to the report and recommendation (which is only 8 pages long), he has failed to file objections to it. Since neither party filed objections to Magistrate Judge Wells' report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Magistrate Judge Wells' report for plain error and has found none.

While Judge Wells' report and recommendation is error free, and the court is not denying the instant petition on this basis, the court notes that neither the respondents nor Judge Wells included an additional ground seemingly warranting the denial or dismissal of the instant habeas petition, namely the petitioner's apparent failure to file it within one-year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). In this regard, the limitations period begins to run on "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, when calculating the commencement of the statute of limitations for purposes of subsection (A), the court must determine when the petitioner's judgment of sentence became final.

"Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (quoting *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999) and citing *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)). Here, the petitioner unsuccessfully appealed from his convictions and judgment of sentence through the Pennsylvania state appellate courts, ultimately concluding with the Pennsylvania Supreme Court denying his petition for allowance of appeal via an order entered on August 26, 2010. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at ECF p. 3, Doc. No. 2 (indicating that Pennsylvania Supreme Court denied appeal on August 26, 2010); Docket, *Commonwealth v. Robinson*, No. 195 EAL 2010 (Pa.), *available at*: https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=195+EAL+2010&dnh=3Crh skZ2qaTwZ2XXw%2bfRNA%3d%2d. The petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. *See* Pet. at ECF p. 5 (indicating petitioner did not file petition for certiorari in United States Supreme Court).

Because the petitioner did not file for certiorari with the United States Supreme Court, his judgment of sentence became final on November 24, 2010, which was the 90th day after the Supreme Court of Pennsylvania denied his petition for allowance of appeal. Therefore, AEDPA's one-year statute of limitations began to run on November 24, 2010, and the petitioner had until November 25, 2011 (November 24, 2011 was Thanksgiving), to file his section 2254 petition unless any statutory or equitable tolling period applies.

Concerning statutory tolling, AEDPA contains a tolling provision, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" for state post-conviction collateral review is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). "State prisoners therefore must file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001). If the state court dismisses a late-filed application for post-conviction collateral review because it is time-barred, the application does not constitute a "properly filed application" for AEDPA tolling purposes. *See Merritt v. Blaine*, 326 F.3d 157, 165–66 (3d Cir. 2003).

The petitioner's one-year limitations period was statutorily tolled from the time he filed his PCRA petition on July 18, 2011. By this time, 236 days of the one-year limitations period for filing a federal habeas petition had run. The limitations period remained tolled until the Supreme Court of Pennsylvania denied the petitioner's petition for allowance of appeal on January 17, 2018. *See* Pet. at ECF p. 8 (indicating Pennsylvania Supreme Court denied petition on January 18, 2018); Docket, *Commonwealth v. Robinson*, No. 306 EAL 2017 (Pa.), *available at*: https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=306+EAL+2017&dnh=mkH Z9HhxMuDD%2fCBai783fg%3d%3d (indicating Pennsylvania Supreme Court denied petition on January 17, 2018). Although it is unclear whether the petitioner filed a petition for a writ of certiorari from the Pennsylvania Supreme Court's denial of his petition for allowance of appeal, even if he did, it would not alter the court's conclusion that the statutory tolling period concluded on January 17, 2018. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("Read naturally, the text of [28 U.S.C. § 2244(d)(2)] must mean that the statute of limitations is tolled only while state courts review the application . . . . [The United States Supreme Court] is not part of a "State's post-conviction procedures."); *Henderson v. Clark*, Civ. A. No. 2:17-cv-1340, 2018 WL 3209428, at *2 (W.D. Pa. Feb. 26, 2018) ("Even though Henderson filed a petition for writ of certiorari after that ruling, the AEDPA statute of limitations is not tolled during the time that the Supreme Court is concerning the cert. petition." (citing *Lawrence*, 549 U.S. at 332)).

The petitioner did not file the instant habeas petition until December 4, 2018. *See* Pet. at ECF p. 7 (declaring that he placed habeas petition in prison mailing system on December 4, 2018); *Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (concluding that *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"). By the time the petitioner filed the petition in this court, 557 days had passed (accounting for 236 days prior to the filing of the PCRA petition and 321 days after the Supreme Court of Pennsylvania denied the petition for allowance of appeal as part of the PCRA appellate review and the filing of the instant habeas petition). Thus, the instant petition is untimely unless equitable tolling applies.

As to equitable tolling, the limitations period in section 2244(d) is not jurisdictional and, as such, is subject to equitable tolling where the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645–46,

649 (2010). The petitioner has the burden of demonstrating an entitlement to equitable tolling and establishing due diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

"The decision to equitably toll § 2244(d) 'must be made on a case-by-case basis.'" *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012) (quoting *Holland*, 560 U.S. at 650–51). In addition,

> [i]n each case, there is a need for flexibility, avoiding mechanical rules, and awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case. There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, equitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair.

*Id.* (internal citations and quotation marks omitted). "In the final analysis, . . . 'a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'" *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).

In addition, "equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Id.* (citations and internal quotation marks omitted). Moreover, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citations omitted).

Here, as the petitioner never acknowledged that there was a timeliness issue, he has not addressed the issue of equitable tolling. *See* Pet. at ECF pp. 15–16 (leaving section of habeas form addressing timeliness of petition blank). Nonetheless, the court has not located anything in the record to show that equitable tolling should apply here. In particular, there is no extraordinary circumstance that stood in the petitioner's way and prevented timely filing.